[L. A. No. 150.    Department One.—April 30, 1879.]

## E. J. BALDWIN ET AL., APPELLANTS, v. JAMES DURFEE, RESPONDENT.

STATUTE OF LIMITATIONS—ADVERSE POSSESSION—CONTINUOUS INCLOSURE —TEMPORARY INTERRUPTION BY FLOOD.—Although, in a general sense, one who relies upon adverse possession by an inclosure must show a continuous and uninterrupted possession thereby, for the term of five years, yet a mere temporary destruction of portions of the inclosure, during flood times, which are repaired within a reasonable time thereof, does not break the continuity of the possession, nor defeat the statute of limitations.

ID.—PROOF OF PAYMENT OF TAXES.—Where there is no evidence in the record to show that the land in dispute was assessed to any one but the defendant, and it fairly appears from defendant's testimony that he paid all taxes assessed and levied thereon, a sufficient compliance is shown with the statute of limitations as to the payment of taxes.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. WILLIAM A. CHENEY, Judge, *pro tempore.*

The facts are stated in the opinion of the court.

*A. W. Hutton,* and *Smith & Winder,* for Appellants.

The alleged claim of title of the defendant not being founded upon a written instrument, he must show that the land was protected by a substantial inclosure, or cultivated or improved. (Code Civ. Proc., secs. 324, 325.) The inclosure must be sufficient to protect the land against the intrusion of cattle. (*Polack* v. *McGrath,* 32 Cal. 21; *Cannon* v. *Union Lumber Co.,* 38 Cal. 674; *Thompson* v. *Felton,* 54 Cal. 552.) The fence along the river bank was repeatedly washed away during the five years

CXVI. CAL.—40

alleged adverse possession, and, therefore, the inclosure not being continuous, the possession founded upon the fact of a continuous inclosure was not sufficient. (Code Civ. Proc., sec. 324; *Thomas* v. *England,* 71 Cal. 459; *Unger* v. *Mooney,* 63 Cal. 595; 49 Am. Rep. 100; *San Francisco* v. *Fulde,* 37 Cal. 352; 99 Am. Dec. 278; *McCracken* v. *San Francisco,* 16 Cal. 636; *San Jose* v· *Trimble,* 41 Cal. 536; *McGrath* v. *Wallace,* 85 Cal. 626; Adams on Ejectment, 579, 591, 592.)

*Stephen M. White,* for Respondents.

The inclosure of the defendant to the land was substantial and continuous, the occasional interruption by reason of floods not impairing such possession. (*Fuller* v. *Fletcher,* 44 Fed. Rep. 34; 120 U. S. 552; *Webb* v· *Richardson,* 42 Vt. 473; *Coryell* v. *Cain,* 16 Cal. 573; *Brumagim* v. *Bradshaw,* 39 Cal. 46.) The river protected the tract during floods, and, being sufficient to turn stock,.was sufficient for the purposes of possession. (*Goodwin* v. *McCabe,* 75 Cal. 586.)

GAROUTTE, J.—This is an action to recover possession of two small tracts of land. Plaintiffs failed to recover, and now appeal from an order denying their motion for a new trial.

Defendant relied upon the statute of limitations, and the trial court found in his favor upon that plea. This· finding of the court is assailed as not supported by the evidence, and the evidence upon that issue is before us. Defendant made no claim of title founded upon a written instrument, judgment, or decree; hence he was bound to show possession and occupancy, by proof of a substantial enclosure, or that these two tracts of land had been usually cultivated or improved for a continuous period of five years. Appellant quotes quite largely from the evidence of the defendant as to his acts of possession, and then insists that such evidence fails to satisfy the statute. It is but fair to the defendant that his evidence should be weighed and considered as a whole, and that he should not be bound, in this court at least, by those

portions of it which are against him as against other
portions that stand in his favor.    Again, there is evi-
dence in the record more favorable to him even than
his own testimony.    This evidence we are bound to con-
sider, and are not at liberty to say that his case can be
no stronger than his own evidence.

Defendant's title by adverse possession as to the
twenty-four acre tract is based upon his claim that he
has had it protected by a substantial inclosure for a time
longer than the statutory period.    This claim is abund-
antly established by the evidence, unless the fact that
during flood times in the winter season certain portions
of the inclosure were washed away and destroyed
changes the legal aspect of the case.    These disasters
to the inclosure occurred but seldom, and were repaired
within a reasonable time in each instance.    It is claimed
by appellant that the continuity of possession was broken
by the destruction of the fence.    It is asserted that the
possession contemplated by the law must be continuous
and uninterrupted, and that in a case like the present,
where the inclosure is relied upon to establish the
possession, that inclosure must stand continuously and
uninterruptedly for the term of five years.    In a gen-
eral sense this is true; but a mere temporary destruc-
tion of portions of the inclosure by fire or flood does
not defeat the statute of limitations.    Such a construc-
tion would sacrifice substance to shadow, and does not
come within the spirit and intent of the statute.

As to the remaining tract involved in this litigation
there was a great amount of evidence introduced tend-
ing to show that the particular parcel was substantially
protected by an inclosure, and also usually cultivated.
It would serve no good purpose to set out a detailed re-
cital of this evidence.    It was fragmentary and came
from the mouths of many witnesses; but, taking it all
together, after careful consideration we are not prepared
to say that the court was unjustified in finding facts suf-
cient to support the plea of the statute.

It is further insisted that defendant failed to show a

compliance with the statute as to the payment of taxes. There is no evidence in the record that either of the two tracts in dispute was assessed to anybody save the defendant. If the assessment and levy of these taxes were a valid assessment and levy, and the various defective descriptions set forth in the assessment indicate grave doubt as to such validity, then the taxes were paid by defendant. Where the burden of proof upon this question rests becomes immaterial; for it fairly appears from defendant's testimony that he paid all taxes assessed and levied upon the property in dispute.

There is nothing further in the record demanding consideration.

For the foregoing reasons the order appealed from is affirmed.

HARRISON, J., and VAN FLEET, J., concur.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.